# Supreme Court of Texas

No. 24-0250

Sadie Weldon,

*Petitioner*,

v.

The Lilith Fund for Reproductive Equity,

*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

**Argued January 14, 2026**

JUSTICE BUSBY delivered the opinion of the Court.

Although the underlying case concerns the constitutionality of Senate Bill 8, also known as the Texas Heartbeat Act, this interlocutory appeal presents a preliminary question regarding the application of the Texas Citizens Participation Act (TCPA). The TCPA generally provides a quick off-ramp for the dismissal of litigation that needlessly stymies the exercise of the rights of association, free speech, or petition. Here, the Lilith Fund for Reproductive Equity sued Sadie Weldon seeking a declaratory judgment that the Heartbeat Act is unconstitutional, and

Weldon filed a TCPA motion to dismiss, which was denied. The court of appeals affirmed, holding that the TCPA did not apply to the Fund's suit. We hold that the TCPA applies because the Fund's suit was "based on or . . . in response to" an earlier Rule 202 petition Weldon filed to depose the Fund's deputy director regarding potential violations of the Heartbeat Act. TEX. CIV. PRAC. & REM. CODE § 27.005(b). We therefore reverse and remand.

## BACKGROUND

Before *Dobbs v. Jackson Women's Health Organization*[1] overturned *Roe v. Wade*[2] and *Planned Parenthood of Southeastern Pennsylvania v. Casey*,[3] the Texas Legislature passed Senate Bill 8 (S.B. 8). That law, as we have explained elsewhere, provides a civil cause of action for private citizens to sue abortion providers and others regarding abortions that are performed without verifying the absence of a fetal heartbeat. *See Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 573, 576 (Tex. 2022).[4] After S.B. 8 went into effect, the Fund's deputy director, Ms. Neesha Davé, declared under penalty of perjury that the Fund had "paid for at least one abortion without confirming the gestational age of the client's pregnancy and at least one abortion with

---

[1] 597 U.S. 215 (2022).

[2] 410 U.S. 113 (1973).

[3] 505 U.S. 833 (1992).

[4] Stricter limits on abortion than those in S.B. 8 are now in effect. *See, e.g.*, TEX. HEALTH & SAFETY CODE § 170A.002(a) (providing that, with certain exceptions, "[a] person may not knowingly perform, induce, or attempt an abortion").

2

the belief that the client's pregnancy was after the period in which cardiac activity is usually detectable." She stated that, "[i]n doing so, it was Lilith Fund's intention to pay for the abortions even if cardiac activity was detected."

Sadie Weldon filed a Rule 202 petition[5] in Jack County in January 2022. Weldon sought to depose Davé and have her produce documents regarding any abortions provided in violation of the Heartbeat Act. The trial court denied the petition in August 2022.

Meanwhile, forty-eight days after Weldon filed her petition and while it was pending, the Fund filed this suit against her. The Fund sought a declaratory judgment that S.B. 8 is unconstitutional on various grounds, a temporary injunction preventing Weldon from filing any S.B. 8 suits against the Fund until the Fund's case concludes, an anti-suit injunction against the Rule 202 petition, and attorney's fees under the Uniform Declaratory Judgments Act (UDJA).

Two months later, Weldon filed a TCPA motion to dismiss. The trial court did not timely rule on the motion, so it was denied by operation of law. Weldon filed this interlocutory appeal, and the court of appeals affirmed, holding that the TCPA does not apply to this action because it was not "based on or in response to" Weldon's Rule 202 petition. 722 S.W.3d 40, 47-50 (Tex. App.—Fort Worth 2024). The court

---

[5] A Rule 202 petition is a pre-litigation method of obtaining evidence that can assist the petitioner in determining whether to file suit. *See* TEX. R. CIV. P. 202.1 ("A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit.").

relied on the TCPA's purpose statement to conclude that it applies only to lawful exercises of speech and to protect the rights of people to file meritorious lawsuits. *Id.* The court also relied on *Texas Right to Life v. Van Stean* (*Van Stean I*), 704 S.W.3d 6 (Tex. App.—Austin 2023), a case we reversed last term, 702 S.W.3d 348 (Tex. 2024). This petition followed.

## ANALYSIS

Weldon's petition challenges whether her TCPA motion was properly denied on the ground that the statute does not apply.[6] The TCPA's stated purpose is two-fold: to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law," as well as "protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The TCPA achieves this purpose primarily through "a special procedure for the expedited dismissal of" retaliatory, non-meritorious suits that seek to silence or intimidate those speaking

---

[6] We note that various developments during the pendency of this litigation could suggest that the case may now be moot. The parties do not ask us to reconsider or cabin our precedent under which the Fund's pending request for attorney's fees under the UDJA saves the case from mootness. *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018); *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 643 (Tex. 2005). Although application of that precedent is sufficient for today's purposes, nothing in this opinion should be understood to foreclose the parties or the lower courts, on remand, from discharging their shared obligation to carefully examine whether jurisdiction over this dispute continues to exist.

4

on a matter of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015).

The TCPA dismissal procedure "requires a three-step decisional process." *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019). At the first step, "the defendant must demonstrate that the 'legal action' is 'based on or is in response to' the defendant's exercise of the right of speech, petition, or association." *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021) (quoting TEX. CIV. PRAC. & REM. CODE §§ 27.003(a), .005(b)). If the defendant meets this burden, then at the second step, "the claimant may avoid dismissal by establishing 'by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 27.005(c)). Yet even if the claimant does so, "the court still must dismiss the 'legal action'" at the third step "if the defendant 'establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 27.005(d)). The second and third steps may be considered together,[7] and a court need not analyze the second step if it concludes that the third step requires dismissal.

The only issue the court of appeals reached was one not disputed by the parties: whether Weldon satisfied the first step of the TCPA's dismissal procedure. Unlike that court, we answer yes: Weldon has

---

[7] *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017). Thus, we have also described the procedure as having two steps. *E.g.*, *Lipsky*, 460 S.W.3d at 586-87.

5

shown that the Fund's suit for declaratory and injunctive relief is based on or in response to Weldon's Rule 202 petition.

"In analyzing the TCPA's applicability, we follow settled principles of statutory interpretation." *Walgreens v. McKenzie*, 713 S.W.3d 394, 399 (Tex. 2025). That is, "[w]e construe statutes according to their plain language, consider them as a whole, and 'presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen.'" *Id.* (quoting *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011)). And "we give undefined terms in a statute their ordinary meaning unless 'a different or more precise definition is apparent from the term's use in the context of the statute.'" *Id.* (quoting *TGS-NOPEC*, 340 S.W.3d at 439).

We addressed the "based on or in response to" standard just last term in *McKenzie*. Without settling on a comprehensive definition, we noted helpful explanations from dictionaries and cases. For example, "based on" includes "factually predicated on," and "in response to" denotes a "reaction" or "act in return." *See id.* at 400. We conclude the standard is met here.

Weldon's Rule 202 petition is an exercise of the right to petition as defined by the statute because it is "a communication in . . . a judicial proceeding." TEX. CIV. PRAC. & REM. CODE § 27.001(4)(A)(i). And this suit by the Fund is a "legal action" because it is a "lawsuit" that "requests . . . declaratory [and] equitable relief." *Id.* § 27.001(6). Thus, the remaining question at step one is whether the Fund's declaratory judgment action is "based on" or "in response to" Weldon's exercise of

6

the right to petition. *Id.* §§ 27.003(a), .005(b). We conclude that it is for the following reasons.

Most obviously, the Fund's petition for declaratory judgment requested an anti-suit injunction seeking to prevent Weldon from continuing with her Rule 202 petition. Indeed, the Fund relied on the Rule 202 petition to show the need for its requested injunction, alleging: "Defendant Weldon has stated she will take action, and has already taken prefatory steps to that action by filing a Rule 202 action. If Weldon's threatened actions are allowed to proceed, Lilith Fund will be harmed in a manner from which it will be unable to recover." The Fund's counsel also explained in a trial court hearing that the Fund "filed these claims" "[*i*]*n response to* that Rule 202 petition which made clear that Ms. Weldon was actively investigating potential SB 8 lawsuits against Lilith Fund." (Emphasis added.)

The Fund's petition also expressly mentions the Rule 202 petition or cites its contents more than a dozen times. Although the Fund's specific allegations that S.B. 8 should be declared unconstitutional on various grounds focus on the Fund's rights and conduct rather than Weldon's, the broader context reveals the connection between those allegations and Weldon's reliance on S.B. 8 in exercising her right to petition. In the "jurisdiction and venue" section, for example, the Fund alleges that Weldon is a proper party for the Fund's declaratory judgment claims because Weldon "clearly contends that S.B. 8 is valid (if she did not, she would not be pursuing a petition under Rule 202 for a pre-suit deposition to investigate alleged violations of SB8)." Additionally, the Fund's counsel acknowledged at oral argument that if

7

Weldon had not "identified herself as an interested person under the UDJA then we wouldn't have a basis under the UDJA to file [this] action against her."

Whatever the outer bounds of "based on" and "in response to," this case falls comfortably within them. When a TCPA-protected activity results in a legal action seeking to enjoin that activity, the legal action is based on or in response to the protected activity.[8] And the remainder of the Fund's petition and the statements by its counsel confirm that its requests to declare S.B. 8 unconstitutional are factually predicated on or in reaction to Weldon's protected Rule 202 petition.

The court of appeals reached the opposite conclusion by adopting the approach taken in *Van Stean I*, 704 S.W.3d 6, a decision we subsequently reversed and remanded on other grounds, 702 S.W.3d 348.[9] Under that approach, the TCPA applies at step one only if the defendant engaged in a "*lawful* [exercise of a right] protected by the TCPA," and the court takes the plaintiff's position in the legal action as

---

[8] Weldon argues that the court of appeals erred in considering whether the Fund's "requested relief" would prohibit her from engaging in activity protected by the TCPA. *See* 722 S.W.3d at 50 n.13. We disagree. Although it is not *necessary* that the requested relief have a negative impact on the exercise of a protected right, such an impact—like the anti-suit injunction in this situation—can be *sufficient* to show that the suit is "based on" or "in response to" the exercise of the protected right. The TCPA provides that one of its purposes is to "safeguard" those rights, TEX. CIV. PRAC. & REM. CODE § 27.002, and we have explained that it protects citizens exercising their rights "from retaliatory lawsuits that seek to intimidate or silence them." *Lipsky*, 460 S.W.3d at 584.

[9] The court of appeals recently issued its decision on remand in *Van Stean*, which takes the same approach on this issue. *See Tex. Right to Life v. Van Stean* (*Van Stean II*), 729 S.W.3d 896, 917-921 (Tex. App.—Austin 2026, no pet. h.).

8

true in making that determination. *Weldon*, 722 S.W.3d at 47 (emphasis added) (quoting *Van Stean I*, 704 S.W.3d at 13).

Here, because the Fund pointed to its own conduct and rights in seeking to declare S.B. 8 unconstitutional and "sought to permanently enjoin only 'any efforts to enforce SB 8 against [it] *if* SB 8 is declared unconstitutional,'"[10] the court of appeals concluded the Fund was "not seeking to limit [Weldon's] 'constitutional rights . . . to petition, speak freely, associate freely, and otherwise participate in government *to the maximum extent permitted by law.'" *Id.* at 49 (omission in original) (quoting TEX. CIV. PRAC. & REM. CODE § 27.002). Although safeguarding these rights is one purpose of the TCPA, the court viewed this approach as a necessary "counterbalance," *id.*, to serve the TCPA's other purpose: "protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002. The court declined to interpret the TCPA "to forbid the [Fund] from seeking an answer to SB 8's constitutionality." 722 S.W.3d at 49.

This approach misunderstands the TCPA. The Legislature chose to implement and balance both of its stated policies—safeguarding protected rights while protecting meritorious suits—by establishing the three-step dismissal procedure we have explained. That procedure does not "forbid" any plaintiff from seeking resolution of meritorious claims.[11]

---

[10] *Id.* at 48-49 (quoting *Van Stean I*, 704 S.W.3d at 13).

[11] Thus, the court of appeals was incorrect to conclude that applying the TCPA to this UDJA action would impermissibly "abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case, or common law or rule provisions." TEX. CIV. PRAC. & REM. CODE § 27.011(a); *see* 722 S.W.3d at 49.

9

Instead, when the defendant shows that the plaintiff's suit is based on or in response to one of the defendant's protected rights as defined by the statute (step one),[12] the plaintiff may proceed by making a prima facie showing that its suit is meritorious and the defendant may respond that it is not or that it fails for other reasons (steps two and three).

The court of appeals' approach improperly blends these separate steps. According to the court, because the Fund's declarations concerned its own conduct and it sought to enjoin Weldon's investigation only "*if* SB 8 is declared unconstitutional," the Fund's action did not limit any lawful conduct protected by the TCPA and thus step one was not met. 722 S.W.3d at 47-49, 49 n.11. But whether S.B. 8 is unconstitutional and Weldon's conduct therefore unlawful are merits questions for steps two and three, which address whether the Fund can establish by clear and specific evidence a prima facie case or whether Weldon can show she is entitled to judgment as a matter of law or establish an affirmative defense. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c)-(d). The merit of the plaintiff's position generally is not relevant at the first step and not assumed at the second and third.[13] Because the first step has been met for the reasons given above, the TCPA applies.

---

[12] *See McLane Champions, LLC v. Hou. Baseball Partners LLC*, 671 S.W.3d 907, 917 (Tex. 2023) ("[W]e have held that the TCPA is not limited in application to constitutionally guaranteed activities.").

[13] Some courts of appeals have held that certain alleged criminal conduct, such as assault and stalking, falls outside the scope of the TCPA's protection such that suits based on or in response to such conduct are not covered by the TCPA. *E.g.*, *Ekstam v. Wells*, No. 12-25-00071-CV, 2025 WL 3170992, at *7 (Tex. App.—Tyler Nov. 12, 2025, pet. filed); *Grant v. Finecy*, No. 02-23-00310-CV, 2023 WL 8940395, at *7-8 (Tex. App.—Fort Worth Dec. 28,

We hold that the Fund's legal action is based on or in response to Weldon's exercise of her right to petition, so the TCPA applies. Because Weldon's motion to dismiss satisfied step one of the TCPA analysis, we reverse the court of appeals' judgment affirming the denial of the motion and remand for the court of appeals to consider steps two and three, which it did not reach.[14]

J. Brett Busby
Justice

**OPINION DELIVERED:** May 15, 2026

---

2023, no pet.); *Sanchez v. Striever*, 614 S.W.3d 233, 245-46 (Tex. App.—Houston [14th Dist.] 2020, no pet.). We take no position on that issue in this opinion.

[14] We note that in the court of appeals, Weldon contended that the Fund's UDJA action should be dismissed under the TCPA for several reasons that do not touch on the merits of the Fund's constitutional challenges to S.B. 8. We are confident that, on remand, the court of appeals will abide by its duty to "avoid unnecessary constitutional issues." *Elliott v. City of College Station*, 717 S.W.3d 888, 898 (Tex. 2025) (quoting *In re Turner*, 627 S.W.3d 654, 656 (Tex. 2021)). Thus, the remainder of this case may be resolved without reaching the merits of the constitutional questions involved.